IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITIZENS FOR ALTERNATIVES
TO RADIOACTIVE DUMPING,
BETTY RICHARDS, BOB
GASTON, and DEBORAH READE,

    Plaintiffs,

vs.                                No. CIV 99-321 MV/WWD

BILL RICHARDSON, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiffs' Motion to Alter the Judgment and for Leave to File an Amended Complaint filed April 12, 1999 **[Doc. No. 4],** The Court, having considered the Motion, response, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be **GRANTED.**

### **Background**

Plaintiffs, an environmental group and three private citizens sought to prevent the shipment of radioactive waste from Los Alamos National Laboratory (LANL) to the Waste Isolation Pilot Project (WIPP) near Carlsbad. In their Complaint, Plaintiffs asserted that the shipment constituted a public nuisance, and requested an injunction prohibiting the shipment. The Court held a hearing that night in which all parties appeared, represented by counsel. The Court ruled from the bench denying Plaintiffs' application for a preliminary injunction, dismissing the case with prejudice and entering judgment in favor of Defendants. A final order was issued on March 29, 1999 **[Doc. No. 2]**. Plaintiffs' motion seeks reconsideration of the ruling dismissing the case. Plaintiffs also seek leave

to amend their complaint to include a claim under the National Environmental Protection Act (NEPA)[1] and to name only the private companies (Cast Transportation, Inc. and Westinghouse Electric Co.) with regard to the public nuisance claim.

The Court's denial of a restraining order or injunction was based on an insufficient factual showing by Plaintiffs. The Court found that, for the purposes of an injunction, Plaintiffs had failed to meet their rigorous burden of proof in establishing that they had a substantial likelihood of success on the merits. Specifically, Plaintiffs' public nuisance claim depended on a showing that the shipment was unlawful because the New Mexico Environment Department had not yet completed its permitting process with regards to the contents of drums to be shipped to the WIPP. However, testing by LANL, the results of which were accepted by the New Mexico Environment Department, demonstrated that the substance to be shipped was radioactive waste but not hazardous waste. As such, the State of New Mexico had no regulatory authority over the shipment. Plaintiffs at the time of the hearing, were unable to produce any witnesses or other evidence to contradict the determination of LANL or the New Mexico Environment Department that the shipment contained only radioactive waste.

## Standard of Review

The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment, to file a motion to alter or amend the judgment under Rule 59(e). The Tenth Circuit has consistently held that a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated as a motion under Rule 59(e). *See Dalton v. First Interstate Bank*, 863 F.2d 702, 703

---

[1] Plaintiffs' have also filed a Motion to Intervene, addressing the NEPA claim, in a related action before the U.S. District Court for the District of Columbia. They have agreed to withdraw that motion pending the outcome of this Motion to Alter the Judgment and Amend their Complaint.

(10th Cir.1988). A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) may be granted if plaintiff establishes an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995).

### Discussion

Plaintiffs do not dispute the Court's ruling on the preliminary injunction, but ask for the opportunity to engage in discovery to determine whether they can produce evidence in support of their request for a permanent injunction. Plaintiffs also seek leave to amend their complaint to include a NEPA claim.

With regard to Plaintiffs' Motion to Alter the Judgment, the Court concludes that it did act prematurely in dismissing Plaintiffs' case with prejudice. While the Court continues to believe that Plaintiffs cannot show a substantial likelihood of success, and therefore are not entitled to a preliminary injunction, dismissal of the entire case was not appropriate unless, as a matter of law, Plaintiffs could never produce sufficient evidence to support their public nuisance claim. The Court recognizes that this case should not be disposed of without at least affording Plaintiffs the opportunity to construct a factual foundation for their claim. The Court finds that in the interest of justice, Plaintiffs should be allowed to re-open discovery. Because the Court is reopening the case, the Court will also grant Plaintiffs leave to amend the Complaint.

### Conclusion

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Alter the Judgment **[Doc. No. 4]** is hereby **GRANTED**. It is further ordered Plaintiffs' Motion for Leave to File an Amended Complaint **[Doc. No. 4]** is hereby **GRANTED**. The March 29, 1999, Order **[Doc. No. 2]** is amended

as follows: that portion dismissing Plaintiffs' case with prejudice is hereby **STRICKEN**. The Judgment entered in favor of Defendants is hereby **VACATED** and **SET ASIDE**. This matter is hereby reopened to allow the parties to engage in discovery to establish the merits of their claim.

										_____
										MARTHA VÁZQUEZ
										UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:
	Pia Gallegos
	John McCall

Attorney for Defendants:
	John Kelly
	John Zavitz
	Jake Chavez