IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITIZENS FOR ALTERNATIVES TO
RADIOACTIVE DUMPING, et al.,

    Plaintiffs,

vs.                                                    No. CIV 99-0321 JC/WWD (ACE)

WILLIAM B. RICHARDSON, United States
Secretary of Energy, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Federal Defendants' Motion to Strike Jury Demand ("Motion"), filed September 17, 1999 *(Doc. 31)*. After examining the Motion, memoranda, and submissions of the parties and the relevant authorities, the Court has determined that oral argument would not be of material assistance in the determination of this Motion. Therefore Plaintiffs' Request for Hearing on Defendant's [sic] Partial Motion to Dismiss and Motion to Strike Jury Demand, filed November 29, 1999 *(Doc. 63)*, will be denied as to the Motion to Strike Jury Demand. The Court further finds that Defendant's Motion is well taken and will be granted.

**I.**     **Factual Background**

Plaintiffs raise claims against two groups of Defendants in this case: 1) the United States Department of Energy and William B. Richardson ("Federal Defendants"), and 2) Cast Transportation, Inc., and Westinghouse Electric Co. ("Private Defendants"). Plaintiffs seek judicial review of the decision by the Federal Defendants to open the Waste Isolation Pilot Project ("WIPP").

Plaintiffs contend that the Federal Defendants are not in compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*, and that Federal and Private Defendants' actions constitute a public nuisance under New Mexico state law.

## II. Discussion

The Federal Defendants move to strike the jury request contained in Plaintiff's Second Amended Complaint, filed August 6, 1999 *(Doc. 20)*. Defendants contend that Plaintiffs are not entitled to a jury trial in a suit against the United States unless the government provides express statutory consent. "It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). A plaintiff in such a case has a right to a jury trial "only where that right is one of 'the terms of [the Government's] consent to be sued.'" *Id.* (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Further, a plaintiff's right to a jury trial exists "only where Congress has affirmatively and unambiguously granted that right by statute." *Id.* at 168. Accordingly, the appropriate inquiry here, as in *Lehman*, is "whether Congress clearly and unequivocally . . . granted a [statutory] right to trial by jury." *Id.* at 162.

In their Response[1] to the Federal Defendants' Motion, Plaintiffs fail to point to a statutory provision that expressly provides them with a right to a jury trial on any claim. Plaintiffs' sole reference to a federal statute appears in their argument that the NEPA claims and nuisance claims "within APA Jurisdiction" are entitled to a jury trial because they are "'unheard of under the common law.'" Pls.' Resp. at 2-3 (quoting *Tull v. United States*, 481 U.S. 412, 420 (1987)). However, the

---

[1] Plaintiffs' response brief is entitled Plaintiffs' Memorandum in Support of Reply [sic] to Defendants' Motion to Strike Jury Demand and Request for Bifurcated Proceeding in the Alternative, filed October 12, 1999 *(Doc. 46)*.

alleged novelty of Plaintiffs' claims under the common law does not constitute a statutory grant of a right to trial by jury against the United States. Moreover, as Defendants correctly note, the fact that the United States was the plaintiff in *Tull* is an important distinction.[2] Because Plaintiffs fail to demonstrate that Congress expressly provided a right to a jury trial against the Government on any of Plaintiffs' claims, the Federal Defendants' Motion to Strike Jury Demand will be granted.

*Plaintiffs' Request for Bifurcated Proceedings in the Alternative*

First, Plaintiffs allege that the Federal Defendants concealed or withheld information and that issues concerning fraudulent concealment should go to a jury. Defendants apparently construed this argument as one concerning a statute of limitations defense. *See* Federal Defs.' Reply Mem. in Supp. of Mot. to Strike Jury Demand at 4. I fail to understand how Plaintiffs' argument affects their right to a jury trial. The merits of a particular defense is a separate issue from that of whether Plaintiffs are entitled to a jury trial. Moreover, an allegation of fraud cannot substitute for a statutory grant of a right to a jury trial against the United States.

Plaintiffs' second bifurcation argument claims that their Seventh Amendment rights are preserved because the state nuisance claim "has a history of jury trial." *See* Pls.' Resp. at 4. However, Seventh Amendment jury rights do not apply in cases against the Federal Government, *See Lehman*, 453 U.S. at 160, and this argument also fails to allege that Plaintiffs possess a statutory right to a jury trial on this claim. Thus, Plaintiffs' bifurcation arguments do not establish a right to a jury trial against the Federal Defendants on any claim.

---

[2] "Because actions *against* the government are not analogous to actions *by* the government, *Tull* does not require the Court . . . to grant [plaintiff's] jury demand." *Washington Int'l Ins. Co. v. United States*, 863 F.2d 877, 879 (Fed. Cir. 1988) (emphasis added) (instructing the Court of International Trade to strike plaintiff's jury demand).

### III. Conclusion

Plaintiffs fail to identify a clear and unequivocal statutory grant of a right to a jury trial for any of Plaintiffs' claims against the Federal Defendants. Accordingly, Federal Defendants' Motion to Strike Jury Demand is well taken and will be granted.

Wherefore,

IT IS ORDERED that Plaintiffs' Request for Hearing on Defendant's [sic] Partial Motion to Dismiss and Motion to Strike Jury Demand, filed November 29, 1999 *(Doc. 63)*, is **denied** as to the Motion to Strike Jury Demand.

IT IS FURTHER ORDERED that Federal Defendants' Motion to Strike Jury Demand, filed September 17, 1999 *(Doc. 31)*, is **granted**.

DATED this 10th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    John McCall
    Albuquerque, New Mexico

Counsel for Federal Defendants:

    John W. Zavitz
    Assistant U. S. Attorney
    U. S. Attorney's Office
    District of New Mexico
    Albuquerque, New Mexico