# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CITIZENS FOR ALTERNATIVES TO
RADIOACTIVE DUMPING, et al.,

      Plaintiffs,

      vs.                                                                    No. CIV 99-0321 JC/WWD (ACE)

WILLIAM B. RICHARDSON, United States
Secretary of Energy, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Federal Defendants' Partial Motion to Dismiss ("Motion") *(Doc. 33)*, filed September 17, 1999. After reviewing the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court has determined that oral argument would not be of material assistance in the determination of this Motion. Therefore, Plaintiffs' Request for Hearing on Defendant's [sic] Partial Motion to Dismiss and Motion to Strike Jury Demand, filed November 29, 1999 *(Doc. 63)*, will be denied as to the Federal Defendants' Motion. The Court further finds that the Federal Defendant's Motion is well taken in part and will be granted in part.

**I.**     **Factual Background**

Plaintiffs raise claims against two groups of defendants in this case: 1) the United States Department of Energy ("DOE") and William B. Richardson ("Federal Defendants"), and 2) Cast Transportation, Inc., and Westinghouse Electric Co. ("Private Defendants"). Plaintiffs seek judicial review of the decision by the Federal Defendants to open the Waste Isolation Pilot Project ("WIPP").

Plaintiffs claim that three Environmental Impact Statements ("EIS") prepared by the DOE do not comply with federal regulations and are inadequate as a basis for agency decision. The three EISs consist of: 1) Final EIS ("FEIS") issued in 1981, 2) Supplemental EIS I ("SEIS-I") issued in 1990, and 3) Supplemental EIS II ("SEIS-II"). Plaintiffs contend that the Federal Defendants are not in compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and that Federal and Private Defendants' actions constitute a public nuisance under New Mexico state law.

## II.     Legal Standard

For the purposes of this motion to dismiss, the Court accepts all well-pleaded factual allegations of Plaintiffs as true and construes them in favor the Plaintiffs. *See Housing Auth. of the Kaw Tribe of Indians of Okla. v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it is clear that the nonmovant could prove no set of facts in support of the claim that would entitle the nonmovant to relief. *See H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). The issue in determining the sufficiency of a complaint is whether the plaintiffs are entitled to offer evidence to support their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruling recognized on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir.1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

**III. Discussion**

Plaintiffs assert two claims against the Federal Defendants seeking declaratory and injunctive relief: Count I--Defendants' decision to permit the placement of radioactive waste at WIPP is a violation of the National Environmental Policy Act ("NEPA"), and Count II--Defendants' operation of the WIPP site constitutes a public nuisance under New Mexico law.

*1. Plaintiffs' NEPA claims as to the FEIS and the SEIS-I*

Plaintiffs seek judicial review of the Federal Defendants' decision, based on the three Environmental Impact Statements, to transport and place radioactive waste at WIPP.[1] Defendants move to dismiss Plaintiffs' challenge of two of the three EISs as barred by the six-year statute of limitations. Plaintiffs do not dispute that two of the EISs were issued more than six years ago. However, Plaintiffs contend that the statute of limitations is tolled because Defendants fraudulently concealed material information related to these statements that Plaintiffs were unable to discover until 1998. *See* Pls.' Mem. in Support of Reply [sic] to Federal Defs.' Mot. for Partial Dismissal at 2 *(Doc. 48)*. Defendants correctly note that while Plaintiffs raised these concerns in their response, they failed to allege fraudulent concealment regarding the FEIS and SEIS-I in their Second Amended Complaint. Plaintiffs request leave to amend their pleadings "to make this issue more clear." *Id.* at 4.

"[L]eave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Plaintiffs will be granted fifteen days from the date this Order is filed to amend their complaint in order to plead facts supportive of their allegation that information regarding the FEIS and SEIS-I was fraudulently concealed until 1998. Should Plaintiffs fail to appropriately amend their complaint by that time, Count I will be dismissed to the extent that it is based on a challenge to the FEIS or SEIS-I.

---

[1] Plaintiffs seek review pursuant to the Administrative Procedure Act ("APA").

*2.     Public Nuisance*

As a preliminary matter, I address Plaintiffs' request to file a surreply should the defendants cite a "statute that precludes Plaintiffs' right to pursue their public nuisance claims." Pls.' Mem. in Supp. of Reply [sic] to Federal Defs.' Mot. for Partial Dismissal at 4 *(Doc. 48)*. Because Defendants cite no new statute in their reply brief that bears on my decision regarding this Motion, I will deny Plaintiffs' request to file a surreply as moot.

Plaintiffs assert a state tort claim of public nuisance against the Federal Defendants related to the operation of WIPP. Defendants argue that sovereign immunity bars the nuisance claim because the United States has not consented to be sued. The United States is immune from suit except where it has given clear and unequivocal consent to be sued. *See United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992). A governmental waiver of immunity must be express and cannot be implied. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (citations omitted). Thus the threshold question in this case is whether the United States has expressly waived sovereign immunity permitting Plaintiffs to sue the Federal Defendants for public nuisance.

Plaintiffs argue that a nuisance claim is proper under the APA because they seek only injunctive relief, not money damages.[2] However, the APA "does not create an *independent* grant of jurisdiction for review of agency actions." *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992) (emphasis added). Moreover, the Federal Tort Claims Act, "which provides the exclusive remedy for tort actions against the federal government, its agencies, and employees" does not waive sovereign immunity for claims for injunctive relief. *Wexler v. Merit Sys. Protection Bd.*,

---

[2] The APA provides a means for persons "seeking relief other than money damages" to obtain judicial review of agency actions. 5 U.S.C. § 702

986 F.2d 1432 (10th Cir. 1993) (unpublished table decision), *available at* 1993 WL 53548 at \*\*2 (citing 28 U.S.C. §§ 1346(b), 2671-2680; *Ascot Dinner Theatre v. Small Bus. Admin.*, 887 F.2d 1024, 1028 (10th Cir.1989)). Because Plaintiffs fail to cite a separate substantive basis on which to ground their nuisance claim, the APA cannot support such a claim against the United States.

Finally, I do not find persuasive Plaintiffs' argument that the Tenth Amendment supports a nuisance claim against the Federal Defendants. Even accepting Plaintiffs' argument, they do not point to a specific, clear, and unequivocal statutory waiver of federal sovereign immunity. Thus, Plaintiffs fail to meet the threshold requirement of establishing that the United States has clearly and unequivocally consented to be sued. Accordingly, the Federal Defendants' motion to dismiss the public nuisance claim will be granted.

**IV.** **Conclusion**

For the above reasons, the Federal Defendants' Partial Motion to Dismiss is well taken in part and will be granted in part.

Wherefore,

IT IS ORDERED that Plaintiffs' Request for Hearing on Defendant's [sic] Partial Motion to Dismiss and Motion to Strike Jury Demand, filed November 29, 1999 *(Doc. 63)*, is **denied** as to the Federal Defendants' Partial Motion to Dismiss.

IT IS ORDERED that Plaintiffs are granted fifteen days from the date this Order is filed to amend their Second Amended Complaint in order to plead facts supportive of an allegation that information regarding the FEIS and SEIS-I was fraudulently concealed until 1998.

IT IS ALSO ORDERED that should Plaintiffs fail to appropriately and timely amend their complaint, Count I will be **dismissed** to the extent that it is based on a challenge to the FEIS or SEIS-I.

IT IS FURTHER ORDERED that Plaintiffs' request to file a surreply is **denied** as moot.

IT IS FINALLY ORDERED that Federal Defendants' Partial Motion to Dismiss the public nuisance claim is **granted**, and the public nuisance claim against the Federal Defendants is hereby **dismissed** with prejudice.

DATED this 18th day of February, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | John A. McCall<br>Albuquerque, New Mexico |
| Counsel for Federal Defendants: | John W. Zavitz<br>Assistant U. S. Attorney<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |
| Counsel for Private Defendants: | Elizabeth H. Losee<br>Potter & Mills, P.A.<br>Santa Fe, New Mexico |