# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CITIZENS FOR ALTERNATIVES TO
RADIOACTIVE DUMPING, et al.,

      Plaintiffs,

      vs.                                                                         No. CIV 99-0321 JC/WWD (ACE)

WILLIAM B. RICHARDSON, United States
Secretary of Energy, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Private Defendants' Partial Motion to Dismiss ("Motion") *(Doc. 37)*, filed September 20, 1999. After reviewing the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities, the Court has determined that oral argument would not be of material assistance in the determination of this Motion. Therefore, Plaintiffs' Request for Hearing on Defendant's [sic] Partial Motion to Dismiss, filed November 29, 1999 *(Doc. 63)*, will be denied. The Court further finds that the Private Defendants' Motion is well taken in part and will be granted in part.

**I.    Factual Background**

Plaintiffs raise claims against two groups of Defendants in this case: 1) the United States Department of Energy ("DOE") and William B. Richardson (collectively the "Federal Defendants"), and 2) Cast Transportation, Inc., and Westinghouse Electric Company (collectively the "Private Defendants"). Plaintiffs seek judicial review of the decision by the Federal Defendants to open the Waste Isolation Pilot Project ("WIPP"). Cast Transportation, Inc. ("Cast"), is a truck transport company involved in moving nuclear waste to the WIPP site. Westinghouse Electric Company ("Westinghouse") constructed and operates the WIPP site. Plaintiffs contend that the Private

Defendants' actions constitute a public nuisance under New Mexico state law. The Private Defendants assert that Plaintiffs fail to state a claim of public nuisance and also raise a government contractor defense.

## II.     Legal Standard

For the purposes of this motion to dismiss, the Court accepts all well-pleaded facts, as distinguished from conclusory allegations, as true and construes them in favor of Plaintiffs. *See Housing Auth. of the Kaw Tribe of Indians of Okla. v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it is clear that the nonmovant could prove no set of facts in support of the claim that would entitle the nonmovant to relief. *See H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). The issue in determining the sufficiency of a complaint is whether the plaintiffs are entitled to offer evidence to support their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruling recognized on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir.1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

## III.    Discussion

New Mexico statutorily defines a public nuisance to consist of:

knowingly creating, performing or maintaining anything affecting any number of citizens without lawful authority which is either:
   A.  injurious to public health, safety, morals or welfare; or
   B.  interferes with the exercise and enjoyment of public rights, including the right to use public property.

*State ex rel. Village of Los Ranchos de Albuquerque v. City of Albuquerque*, 119 N.M. 150, 163, 889 P.2d 185, 198 (1994) (quoting NMSA 1978, § 30-8-1 (1963)). "[C]ommon law public nuisance is similar to the . . . statute . . . . [and] is an 'unreasonable interference with a right common to the general public.'" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 821B(1) (1979)). New Mexico common law divides public nuisance into nuisance *per se* and nuisance in fact. *See id.* at 164, 889 P.2d at 199. Nuisance *per se* is "'an activity, or an act, structure, instrument, or occupation which is a nuisance at all times and under any circumstances.'" *Id.* (citations omitted). A nuisance in fact is "an activity or structure which is not a nuisance by nature, but which becomes so because of such factors as surroundings, locality, and the manner in which it is conducted or managed." *Id.* Anticipatory nuisance describes "[a] condition that, although not yet at the level of a nuisance, is very likely to become one," BLACK'S LAW DICTIONARY 1094 (7th ed. 1999), and is a valid cause of action in New Mexico. *See id.* at 165, 889 P.2d at 200.

### 1. *Public Nuisance and Duly Authorized Public Works Projects*

Private Defendants assert that as a matter of law a duly authorized public works project cannot constitute a nuisance *per se* or anticipatory nuisance in fact.[1] A public works project that is duly authorized is one "that conforms with all the federal, state, and local laws, rules, and regulations pertinent to that particular project." *Los Ranchos*, 119 N.M. at 158, 889 P.2d at 193. "[A]cts which the law authorizes to be done, if carried out and maintained in the manner authorized by law, where a public entity acts under its governmental authority, do not constitute public nuisances *per se*." *City of Albuquerque v. State ex rel. Village of Los Ranchos de Albuquerque*, 111 N.M. 608, 612, 808 P.2d 58, 62 (Ct. App. 1991) (citations omitted). Similarly, the federally authorized conduct of

---

[1] I note that Plaintiffs wholly fail to address this assertion. Plaintiffs' response instead focuses entirely on the Private Defendants' argument concerning the government contractor defense, discussed *infra*. However, because granting a motion to dismiss is a harsh remedy, I will consider Plaintiffs' pleadings, where appropriate, as responsive to the Private Defendants' argument.

private contractors does not constitute public nuisance *per se*. *See, e.g., First National Bank v. Nor-Am Agric. Prods., Inc.*, 88 N.M. 74, 78-79, 537 P.2d 682, 686-87 (Ct. App. 1975) (*cited in City of Albuquerque*, 111 N.M. at 612, 808 P.2d at 62) (holding that the manufacture of a potentially dangerous product by a private company "pursuant to authority granted by the federal government . . . . does not constitute a nuisance, as a matter of law"). Thus, the conduct of the Private Defendants carried out in accordance with valid federal authority cannot as a matter of law constitute a nuisance *per se*.

Plaintiffs do not allege that the Private Defendants entered into invalid contracts with the federal government to operate the WIPP or transport nuclear waste.[2] Nor do Plaintiffs claim that the Private Defendants acted unlawfully in breach of their federal contracts. Accordingly, so long as the Private Defendants adhere to the terms of their federal contracts their conduct cannot constitute nuisance *per se*. Because the factual allegations against the Private Defendants are not identical, I will address each Defendant separately.

### *Cast Transportation, Inc.*

Plaintiffs contend that the "private defendants are subject to suit for failure to adhere to state regulations for speed and the reckless failure to properly transport nuclear waste." Pls.' Mem. in Supp. of Reply [sic] to Private Defendants' Mot. to Dismiss *(Doc. 50)* at 5. Defendant Cast is responsible for transporting waste to the WIPP site. Consequently, I construe this statement to be an allegation that Defendant Cast's failure to observe speed limits while transporting nuclear waste creates a public nuisance. It is reasonable to assume that Defendant Cast is not authorized to violate traffic regulations under the terms of its contract. Therefore, Defendant Cast may not claim that a

---

[2] "Plaintiffs . . . seek injunctive relief against . . . private contractors contracting with the Department of Energy . . . ." Pls.' Mem. in Supp. of Reply [sic] to Private Defs.' Mot. to Dismiss at 2.

failure to adhere to New Mexico's speed limits is "duly authorized" by the federal government. Drawing all inferences in favor of Plaintiffs, the pleadings allege sufficient facts on which to state a claim of public nuisance against Defendant Cast. *See, e.g., Hamilton v. Walker*, 65 N.M. 470, 473 340 P.2d 407, 409 (1959) (citing *District of Columbia v. Colts*, 282 U.S. 63, 73 (1930)) (noting that speeding and reckless driving that endangered property and persons amounted to a public nuisance). Accordingly, Private Defendants' Partial Motion to Dismiss will be denied as to Defendant Cast.

I note that Plaintiffs' allegation regarding Defendant Cast's violation of New Mexico traffic regulations was raised only in response to Defendants' Partial Motion to Dismiss. Should this Court subsequently determine that this allegation lacks credible evidentiary support, I will consider awarding attorney fees and/or costs against Plaintiffs pursuant to Federal Rule of Civil Procedure 11. *See* FED. R. CIV. P. 11(b)(3) (An attorney that presents a pleading to the court "is certifying that to the best of [his] knowledge, information, and belief . . . the allegations and other factual contentions have evidentiary support.").

### *Westinghouse Electric Company*

Plaintiffs contend that the WIPP site is dangerous because of the "potential for injurious release of hazardous materials." Second Am. Compl. *(Doc. 20)* ¶ 36. However, nowhere in their complaint or response do Plaintiffs point to a factual basis for the allegation that Defendant Westinghouse is "not in compliance with all lawful authority," *Id.* ¶ 38, or that it is in violation of the New Mexico Constitution. *See id.* ¶ 39. Neither do Plaintiffs allege that Defendant Westinghouse has violated the terms of its contract with the federal government. Further, Plaintiffs fail to identify *any* specific act or omission on the part of Defendant Westinghouse that allegedly contributed to the creation or maintenance of a public nuisance. Unsupported conclusory allegations that Defendant Westinghouse engaged in unlawful conduct that created a public nuisance will not be accepted as

true. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).[3] Consequently, Plaintiffs have failed to allege sufficient facts to support their claim that Defendant Westinghouse's activities are without lawful authority or constitute a public nuisance. Thus, the Private Defendants' Partial Motion to Dismiss will be granted as to Defendant Westinghouse, and Plaintiffs' claim of public nuisance against Defendant Westinghouse will be dismissed with prejudice.

    *2.    Government Contractor Defense*

Plaintiffs argue that the government contractor defense is barred by *res judicata* or law of the case. I am not persuaded by this argument. Judge Vázquez reopened this case in order to allow the parties the opportunity "to establish the merits of their claim," without ruling on the merits or defenses of the case. Mem. Op. and Order *(Doc. 16)*, filed July 23, 1999 at 4. Thus, the Court's opinion reinstating this case cannot act as a bar to Defendants' use of the government contractor defense. Plaintiffs also argue that the government contractor defense is precluded because the Federal Government waived its sovereign immunity under the Administrative Procedure Act ("APA"). However, that argument is mooted by this Court's prior finding that the United States did not waive its sovereign immunity pursuant to the APA. *See* Mem. Op. and Order *(Doc. 66)*, filed February 18, 2000 at 5.

However, assuming that the government contractor defense would apply, it is premature for the Court to consider its relevance at this juncture for at least two reasons. First, the United States Supreme Court apparently did not intend for courts to determine the applicability of the government contractor defense as a matter of law. *See Boyle v. United Tech. Corp.*, 487 U.S. 500, 514 (1988) ("[W]hether the facts establish the conditions for the [government contractor] defense is a question

---

[3] Although the Court must liberally construe Plaintiffs' allegations, it "will not supply additional facts, nor . . . construct a legal theory for plaintiff[s] that assumes facts that have not been pleaded." *Dunn*, 880 F.2d at 1197 (citations omitted).

for the jury."). Second, as Defendants concede, further factual development is indicated in order to establish whether the circumstances of this case warrant the application of the government contractor defense. Because additional discovery is needed in order to evaluate the applicability of the government contractor defense, I will not address the parties' remaining arguments regarding the defense at this time.

### 3. Plaintiffs' Request to Reserve Ruling on the Motion and Leave to Amend Complaint

"[N]ormally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citations omitted). Plaintiffs did not file a formal motion to amend nor did they submit a proposed amended pleading. *See* D.N.M.LR-Civ. 15.1 (requiring that a "proposed amendment to a pleading . . . accompany the motion to amend"). Moreover, "the plaintiffs stated 'no grounds let alone 'particular' grounds for the[ir] request'" to amend. *Calderon*, 181 F.3d at 1186 (quoting *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989)). Accordingly, the Court will deny Plaintiffs' request to reserve ruling on this Motion and for leave to amend their Complaint.

## IV. Conclusion

For all of the above reasons, Private Defendants' Partial Motion to Dismiss is well taken in part and will be granted in part. Private Defendants' Partial Motion to Dismiss will be granted as to Defendant Westinghouse and denied as to Defendant Cast. Plaintiffs' request to reserve ruling on this Motion and for leave to amend their Complaint will be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Request for Hearing on Defendant's [sic] Partial Motion to Dismiss *(Doc. 63)*, is **denied**.

IT IS ORDERED that Private Defendants' Partial Motion to Dismiss *(Doc. 37)* is **denied** as to Defendant Cast Transportation, Inc.

IT IS ORDERED that Private Defendants' Partial Motion to Dismiss *(Doc. 37)* is **granted** as to Defendant Westinghouse Electric Company, and Plaintiffs' claim of public nuisance against Defendant Westinghouse is dismissed with prejudice.

IT IS FINALLY ORDERED that Plaintiffs' request to reserve ruling on this Motion and for leave to amend their Complaint is **denied**.

DATED this 9th day of March, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | John A. McCall<br>Albuquerque, New Mexico |
| Counsel for Federal Defendants: | John W. Zavitz<br>Assistant U. S. Attorney<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |
| Counsel for Private Defendants: | Elizabeth H. Losee<br>Potter & Mills, P.A.<br>Santa Fe, New Mexico |