**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CITIZENS FOR ALTERNATIVES TO
RADIOACTIVE DUMPING, et al.,

      Plaintiffs,

      vs.                                                No. CIV 99-0321 JC/WWD  (ACE)

WILLIAM B. RICHARDSON, United States
Secretary of Energy, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes on for consideration of Plaintiffs' Motion for One Week Extension of Time to File Motion to Alter or Amend Judgement ("Motion for Extension"), filed March 22, 2000 *(Doc. 70)*, Plaintiffs' Motion for Leave to File Third Amended Complaint, filed March 22, 2000 *(Doc. 71)*, and Plaintiffs' Motion to Alter Judgment and for Leave to File Amended Complaint ("Motion to Alter Judgment"), filed March 30, 2000 *(Doc. 73)*.  The Court has reviewed the motions, the memoranda and submissions of the parties, and the relevant authorities.  The Court finds that Plaintiffs' Motion for Extension is not well taken and will be denied.  The Court further finds that Plaintiffs' Motion for Leave to File Third Amended Complaint is well taken in part and will be granted in part, and that Plaintiffs' Motion to Alter Judgment is well taken in part and will be granted in part.  The factual background of this case is set forth in previous opinions and does not bear repeating here.

**I.      Discussion**

　　*A.      Plaintiffs' Motion for Leave to File Third Amended Complaint*

In this motion, Plaintiffs essentially request permission to file an amended complaint beyond the deadline originally imposed by this Court.[1]  Plaintiffs' counsel asserts that he was ill from February 20, 2000 until March 22, 2000 and inadvertently overlooked the deadline set forth in the Court's Opinion.  While Plaintiffs' proposed Third Amended Complaint is untimely, Defendants are on notice regarding its contents and the filing of these allegations should not unduly prejudice Defendants.  Moreover, I do not find that the proposed amendments are necessarily futile. Defendants correctly point out that Plaintiffs' new allegations do not specifically allege that Defendants fraudulently concealed any information beyond 1984.  However, assuming the truth of the allegations, Plaintiffs might be able to prove that Defendants' fraudulent concealment of certain information from 1975 to 1984 effectively prevented Plaintiffs from obtaining that information until 1998.  Therefore, Plaintiffs will be permitted to file their proposed amended complaint, to be entitled "Third Amended Complaint."

However, while paragraph 28 of the proposed complaint alleges that Defendants "failed . . . to address the impact of Plutonium," it does not allege that Defendants concealed that information from anyone.  Pls.' Proposed Third Am. Compl. ¶ 28, attached to Pls.' Mot. for Leave to File Third Am. Compl..  Accordingly, paragraph 28 of the proposed third amended complaint will be ordered stricken.  Plaintiffs shall have five days from the date of entry of this opinion to file their amended complaint in accordance with the Court's instructions.

---

[1] In a previous order, the Court granted Plaintiffs fifteen days to amend their complaint in order to plead facts supportive of an allegation of fraudulent concealment involving the Federal Defendants.  *See* Mem. Op. and Order, filed Feb. 18, 2000 *(Doc. 66)*.

> B.  *Plaintiffs' Motion to Alter Judgment and for Leave to File Amended Complaint*
>
>> 1.  *Motion to Alter Judgment Regarding Defendant Westinghouse*

In a prior ruling, this Court dismissed Plaintiffs' public nuisance claim against Defendant Westinghouse.  *See* Mem. Op. and Order, filed Mar. 9, 2000 *(Doc. 68)*.  Plaintiffs request the Court to alter that ruling and grant them leave to file an amended claim against Defendant Westinghouse.  A party seeking to amend a complaint following a dismissal "must first move to reopen the case under FED. R. CIV. P. 59(e) or 60(b) and then file a motion under FED. R. CIV. P. 15 for leave to amend pursuant to the standards set out in FED. R. CIV. P. 7."  *Calderon v. Kansas Dep't of Soc. and Rehabilitation Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999) (citing *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989)).  Thus, before I consider whether Plaintiffs may amend the public nuisance claim against Defendant Westinghouse, Plaintiffs must first demonstrate sufficient grounds to justify the alteration or amendment of the Court's prior order dismissing the claim.

Defendants assert that the Court lacks jurisdiction to consider Plaintiffs' Motion to Alter Judgment because it is untimely.[2]  Defendants correctly note that this Court lacks authority to grant an extension of time for filing a Rule 59(e) motion.  *See Fox v. Noram Energy Corp.*, 198 F.3d 257 (10th Cir. Oct. 21, 1999) (unpublished table decision), *available in* 1999 WL 961226 at **2 (citations omitted).  Accordingly, Plaintiffs' Motion for Extension will be denied.  However, where a motion "is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under FED. R. CIV. P. 60(b)."  *Id.* at **3 (quoting *Hatfield v. Board of*

---

[2] A motion to alter or amend a judgment "shall be filed no later than 10 days after entry of judgment." FED. R. CIV. P. 59(e).

*County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)).  Thus, the Court construes Plaintiffs' Motion to Alter Judgment as a motion for relief from the Court's previous order pursuant to Rule 60(b).

Rule 60(b) "authorizes the court to grant relief from an order or a judgment on a number of specific grounds, including inadvertence, excusable neglect, fraud, and newly discovered evidence." *Id.* at \*\*5.  Plaintiffs do not clearly state the grounds on which they base their argument for relief from the Court's previous order.  Although Plaintiffs refer to illness of counsel and an agreement to suspend discovery, their argument on these points is vague and unpersuasive.  Similarly, Plaintiffs' assertion that "[n]o just decision can be rendered until a Court . . . view[s] the entirety of Plaintiffs' claims" fails to provide a satisfactory ground for vacating the Court's previous ruling.  Pls.' Mem. in Supp. of Mot. to Alter the J. at 4, filed Mar. 30, 2000 *(Doc. 74)*.  However, Plaintiffs also appear to argue that newly discovered evidence justifies reopening the public nuisance claim against Defendant Westinghouse.

Plaintiffs contend that since Defendants filed their motions to dismiss, Plaintiffs "have accumulated information of violations of the law" establishing the Waste Isolation Pilot Project ("WIPP") site "as a gradually intensifying public nuisance."  *Id.* at 4.  Plaintiffs allege that after the motions to dismiss were filed, Defendants received Notices of Noncompliance with the Resource Conservation and Recovery Act ("RCRA") Permit and temporarily ceased operations at WIPP.  *See id.* at 3.  Presumably, these noncompliance notices are the source of the allegations against Defendant Westinghouse set forth in paragraphs 39 through 39g of Plaintiffs' proposed Fourth Amended Complaint.  *See, e.g.*, Pls.' proposed Fourth Am. Compl. ¶ 39, attached to Pls.' Mem. in Supp. of Mot. to Alter J. (stating that Defendant Westinghouse "has violated the conditions of the

-4-

Resource Conservation and Recovery Act"). Although Defendants contend that Plaintiffs could have discovered this information "any time prior to . . . February 15, 2000," they fail to indicate how this information was available before that time. Private Defs.' Resp. to Pls.' Mot. to Alter J. at 4, filed Apr. 17, 2000 *(Doc. 77)*. Under these circumstances, I find that Plaintiffs have sufficiently alleged the acquisition of newly discovered evidence supporting the new allegations presented in paragraphs 39 through 39g. However, Plaintiffs do not similarly offer a satisfactory explanation of how or why the allegations in paragraphs 40 through 42, and paragraph 46 are supported by newly discovered evidence. Consequently, paragraphs 40 through 42, and that portion of paragraph 46 pertaining to Defendant Westinghouse will be stricken from the proposed amendment.

Rule 60(b) "should be liberally construed when substantial justice will thus be served." *Thompson v. Kerr-McGee Ref. Corp.*, 660 F.2d 1380, 1385 (10th Cir. 1981) (citing *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc )). Here, I find that addressing Plaintiffs' allegations based on newly discovered evidence will substantially serve the interests of justice. For example, the allegations contained in paragraphs 39 through 39c raise serious issues that are appropriately addressed in a claim of public nuisance. Moreover, considering the allegations of public nuisance against Defendant Westinghouse and Defendant CAST in the same lawsuit will conserve judicial resources and avoid a piecemeal approach to litigation.

However, in order to prevail on a Rule 60(b) motion, Plaintiffs must clearly substantiate their claims with adequate proof. *See In re Four Seasons Sec. Laws Litig.*, 63 F.R.D. 422, 429 (1974) (citations omitted). Here, Plaintiffs do not provide the Court with any evidence to substantiate their argument that paragraphs 39 through 39g arise from newly discovered evidence. In order to fully address this issue, the Court will grant Plaintiffs ten days from the date of entry of this Opinion to file

a supplemental brief and evidence to support their claim that the allegations against Defendant Westinghouse in Plaintiffs' proposed Fourth Amended Complaint arise from newly discovered evidence. Defendants shall have seven days from the date of entry of Plaintiffs' supplemental brief on this issue in order to file a response. After reviewing the parties' additional submissions on this issue, the Court will determine whether to grant Plaintiffs relief from the order dismissing the public nuisance claim against Defendant Westinghouse.

### C. *Motion for Leave to File Fourth Amended Complaint*

Rule 15(a) provides that "leave shall be freely given when justice so requires. FED. R. CIV. P. 15(a) (*quoted in Calderon*, 181 F.3d at 1185). Defendants correctly note that the Initial Pretrial Report indicates that February 15, 2000 was the deadline for filing amended pleadings. Nevertheless, while Plaintiffs' motions for leave to amend may be untimely, I find that the delay is not so substantial that Defendants will be unduly prejudiced if leave to amend is granted.

For example, when the Initial Pretrial Report was filed, this case was scheduled for trial on October 17, 2000. However, on June 27, 2000 this case was re-set for trial on January 16, 2001. *See* Stipulated Order, filed Jun. 27, 2000 *(Doc. 95)*. Moreover, Defendants have been on notice of Plaintiffs' additional allegations since Plaintiffs filed their motion to amend. Thus, I will permit Plaintiffs to incorporate the allegations contained in paragraphs 44 and 45 of the proposed Fourth Amended Complaint into the "Third Amended Complaint" to be filed with the Court. Plaintiffs will also be permitted to incorporate the allegations contained in paragraph 46, insofar as they pertain to Defendant CAST, in accordance with the Court's instructions below.

**II.     Conclusion**

The Court finds that it is without authority to grant an extension of time to file a Rule 59(e) motion.  Thus, Plaintiffs' Motion for Extension will be denied.  Plaintiffs' Motion to File Third Amended Complaint and Plaintiffs' Motion to Alter Judgment will be granted in part in accordance with the Court's instructions.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion  for One Week Extension of Time to File Motion to Alter or Amend Judgement *(Doc. 70)* is **denied**.

IT IS ORDERED that Plaintiffs' Motion for Leave to File Third Amended Complaint *(Doc. 71)* is **granted in part**.  Plaintiffs shall have five days from the date of entry of this opinion in order to file their proposed Third Amended Complaint, with the exception of paragraph 28, which shall be stricken.  Plaintiffs shall entitle the amended complaint filed with the Court "Third Amended Complaint."

IT IS ALSO ORDERED that Plaintiffs' Motion to Alter Judgment and for Leave to File Amended Complaint *(Doc. 73)* is **granted in part** in accordance with the following instructions:

1. Paragraphs 40 through 42 of Plaintiffs' proposed Fourth Amended Complaint are ordered stricken.

2. Plaintiffs may incorporate the allegations contained in paragraphs 44 and 45 of the proposed Fourth Amended Complaint into Plaintiffs' "Third Amended Complaint."

3. Paragraph 46 of the proposed Fourth Amended Complaint is ordered stricken insofar as it pertains to Defendant Westinghouse.

4. Plaintiffs may incorporate paragraph 46 into Plaintiffs' "Third Amended Complaint," insofar as it pertains to Defendant CAST, if language is inserted indicating that the allegations are directed against Defendant CAST.

IT IS FURTHER ORDERED that Plaintiffs shall have ten days to file a supplemental brief and evidence in order to support their claim that the allegations against Defendant Westinghouse, contained in paragraphs 39 through 39g of the proposed Fourth Amended Complaint, arise from newly discovered evidence. Defendants shall have seven days from the date of entry of Plaintiffs' supplemental brief in order to respond. The parties' memoranda briefs shall not exceed five pages and attached exhibits shall not exceed twelve pages.

DATED this 11th day of September 2000.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:          John A. McCall
                                 Albuquerque, New Mexico

Counsel for Federal Defendants:  John W. Zavitz
                                 Assistant U. S. Attorney
                                 U. S. Attorney's Office
                                 District of New Mexico
                                 Albuquerque, New Mexico

Counsel for Private Defendants:  Elizabeth H. Losee
                                 Potter & Mills, P.A.
                                 Santa Fe, New Mexico