**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CITIZENS FOR ALTERNATIVES TO
RADIOACTIVE DUMPING, et al.,

      Plaintiffs,

vs.                                                  No. CIV 99-0321 JC/WWD (ACE)

SPENCER ABRAHAM[1], et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiffs' Second Motion for Leave to File

Third Amended Complaint, filed September 27, 2000 *(Doc. 109)*, and Plaintiffs' Motion for

Leave to File Brief in Support of Paragraphs 39 Through 39(G) of Plaintiffs' Proposed Fourth

Amended Complaint, filed October 6, 2000 *(Doc. 111)*.  The Court has reviewed the motions, the

memoranda and exhibits submitted by the parties, and the relevant authorities.

**I.**      **Plaintiffs' Second Motion for Leave to File Third Amended Complaint**

      **A.**      **Background**

Previously, the Court granted in part Plaintiffs' Motion for Leave to File Third Amended

Complaint, filed March 22, 2000 *(Doc. 71)*, with the following instructions:  "Plaintiffs shall have

five days from the date of entry of this opinion in order to file their proposed Third Amended

Complaint, with the exception of paragraph 28, which shall be stricken.  Plaintiffs shall entitle the

amended complaint filed with the Court "Third Amended Complaint."  *See* Court's Memorandum

---

[1]Spencer Abraham is substituted as a defendant pursuant to FED. R. CIV. P. 25(d).

Opinion and Order, filed September 11, 2000 *(Doc. 108)*.  The Court also granted in part

Plaintiffs' Motion to Alter Judgment and for Leave to File Amended Complaint, March 30, 2000

*(Doc. 73),* with the following instructions:

1. Paragraphs 40 through 42 of Plaintiffs' proposed Fourth Amended Complaint are ordered stricken.

2. Plaintiffs may incorporate the allegations contained in paragraphs 44 and 45 of the proposed Fourth Amended Complaint into Plaintiffs' "Third Amended Complaint."

3. Paragraph 46 of the proposed Fourth Amended Complaint is ordered stricken insofar as it pertains to Defendant Westinghouse.

4. Plaintiffs may incorporate paragraph 46 into Plaintiffs' "Third Amended Complaint," insofar as it pertains to Defendant CAST, if language is inserted indicating that the allegations are directed against Defendant CAST.

*See id.*

Instead of complying with the five-day deadline set by the Court, Plaintiffs filed the motion

regarding its proposed Third Amended Complaint nine days after the deadline.  *See* Plaintiffs'

Second Motion for Leave to File Third Amended Complaint, filed September 27, 2000 *(Doc.*

*109)*.  Plaintiffs' counsel maintains that the proposed Third Amended Complaint was filed late

because of an inadvertent filing error by his assistant.  *See id.* at ¶ 2.

Federal Defendants now oppose Plaintiffs' Second Motion for Leave to File Third

Amended Complaint because they failed to comply with the Court's filing deadline.  *See* Federal

Defendants' Opposition to Plaintiffs' Second Motion for Leave to File Third Amended

Complaint, filed October 16, 2000 *(Doc. 115)*.  Furthermore, Federal Defendants argue that they

would be prejudiced by the filing of the proposed Third Amended Complaint because (1) they

would have to move again to strike Plaintiffs' request for a jury, and (2) they would have to move again to dismiss Plaintiffs' claim of public nuisance. *See id.* at 4.

In addition, Cast Transportation, Inc. and Westinghouse Electric Company ("Private Defendants") oppose Plaintiffs' Second Motion for Leave to File Third Amended Complaint. *See* Memorandum in Support of Response to Plaintiffs' Second Motion for Leave to File Third Amended Complaint, filed October 13, 2000 *(Doc. 114)*. Private Defendants contend that Count II of the Third Amended Complaint fails to cure the defects of the Second Amended Complaint *(Doc. 17)*.

### B.      Discussion

#### 1.      Failure to Comply with the Deadline

"The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, FED. R. CIV. P. 15(a), and will not be disturbed absent an abuse of that discretion." *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991). Although courts have found untimeliness alone to be a sufficient reason to deny a leave to amend a complaint, a court may permit the amendment if the party has an adequate explanation for the delay. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir.1993).

In this case, the Court had already determined that certain substantive reasons for amending the complaint were adequate and permitted the filing of the Third Amended Complaint within five days pursuant to certain instructions. *See* Court's Memorandum Opinion and Order, filed September 11, 2000 *(Doc. 108)*. Plaintiffs' counsel filed the Third Amended Complaint nine days after the deadline because of an inadvertent filing error by his assistant. In a rush to file this Third Amended Complaint, Plaintiffs' counsel apparently forgot to take into consideration

previous rulings by the Court.  Despite the Court's hesitation, Plaintiffs will be allowed to file this Third Amended Complaint.  However, Plaintiffs shall re-file the Third Amended Complaint and entitle it "Final Complaint."  Plaintiffs shall have ten days from the date of entry of this opinion in order to file their "Final Complaint."  Furthermore, Plaintiffs shall ensure that the "Final Complaint" complies with the Court's instructions as stated in the Court's Memorandum Opinion and Order, filed September 11, 2000 *(Doc. 108)*, as well as previous decisions by the Court.  On a final note, Plaintiffs are strongly cautioned against failing to comply with deadlines imposed by the Court in the future.

### 2.    Jury Demand

Federal Defendants argue that they would be prejudiced by the filing of the proposed Third Amended Complaint because Federal Defendants would have to again move to strike Plaintiffs' request for a jury.  The Court previously granted Federal Defendants' Motion to Strike Jury Demand, filed September 17, 1999 *(Doc. 31)*.  *See* Memorandum Opinion and Order, filed February 10, 2000 *(Doc. 65)*.  Accordingly, Plaintiffs shall amend their Third Amended Complaint to reflect the September 17 decision when they file their "Final Complaint."

### 3.    Public Nuisance Claims

In the proposed Third Amended Complaint, Plaintiffs attempt to assert a public nuisance claim against all Defendants.  *See* Third Amended Complaint at 9-11, ¶¶ 36-46, attached to Plaintiffs' Second Motion for Leave to File Third Amended Complaint, filed September 27, 2000 *(Doc. 109)*.  As the Federal Defendants and Private Defendants point out, Plaintiffs' allegations in the Third Amended Complaint fail to consider the following previous rulings by the Court:  (1) Memorandum Opinion and Order, filed February 18, 2000 *(Doc. 66)*; (2) Memorandum Opinion

4

and Order, filed March 9, 2000 *(Doc. 68)*; and (3)  Memorandum Opinion and Order, filed

September 11, 2000 *(Doc. 108)*.  *See* Federal Defendants' Opposition to Plaintiffs' Second

Motion for Leave to File Third Amended Complaint at 4, filed October 16, 2000 *(Doc. 115)*; *see*

*also* Memorandum in Support of Response to Plaintiffs' Second Motion for Leave to File Third

Amended Complaint at 1-2, filed October 13, 2000 *(Doc. 114)*.  Presumably, this oversight

occurred as a result of Plaintiffs' rush to meet the filing deadline.  Since the Court previously

allowed Plaintiffs to amend their complaint, and since Plaintiffs had extenuating circumstances

surrounding the filing of their Third Amended Complaint, the Court will allow Plaintiffs one last

opportunity to amend their complaint ("Final Complaint"), with due consideration to the Court's

previous rulings.  If Plaintiffs' Final Complaint still does not comply with the Court's previous

rulings, the Court will immediately entertain motions to strike portions of the Final Complaint by

the Defendants.

**II.**       **Plaintiffs' Motion Regarding Paragraphs 39 Through 39(G)**

Plaintiffs' inability to meet certain deadlines, along with the numerous attempts to amend

the complaint, has left the Court in a difficult situation.  Frankly, the Court is unsure as to the

complete context of Plaintiffs' Complaint.  Therefore, the Court is unable to rule on this motion

until issues surrounding the "Final Complaint" are resolved.  Accordingly, Plaintiffs' Motion for

Leave to File Brief in Support of Paragraphs 39 Through 39(G) of Plaintiffs' Proposed Fourth

Amended Complaint is denied.

In order to gain some manageability, the Court will allow Plaintiff to file a "Final

Complaint" as indicated above.  This will allow all the parties, as well as the Court, the ability to

understand the complete context of the allegations.  As previously mentioned, the Court will then

entertain motions from the Defendants asking the Court to strike portions of the "Final

Complaint" that do not comply with the Court's previous orders.  Plaintiffs may then re-file this

motion with respect to the "Final Complaint," pursuant to FED. R. CIV. P. 60(b).

Wherefore,

IT IS ORDERED that Plaintiffs' Second Motion for Leave to File Third Amended

Complaint, filed September 27, 2000 *(Doc. 109)* is granted in part.  Plaintiffs shall re-file the

Third Amended Complaint and entitle it "Final Complaint."  Plaintiffs shall have ten days from the

date of entry of this opinion in order to file their "Final Complaint."   Furthermore, Plaintiffs shall

ensure that the "Final Complaint" complies with the Court's instructions as stated in the Court's

Memorandum Opinion and Order, filed September 11, 2000 *(Doc. 108)*, as well as previous

decisions by the Court.  Defendants shall then have ten days from the date of entry of Plaintiffs'

"Final Complaint" to file motions to strike portions of the complaint which fail to comply with the

Court's previous rulings.  Plaintiffs shall have five days to respond to Defendants' motions to

strike.

IT IS FURTHER ORDERED that Plaintiffs' Second Motion for Leave to File Third

Amended Complaint, filed September 27, 2000 *(Doc. 109)* is denied in part.  Plaintiffs shall

remove their jury demand as against Federal Defendants when they file their "Final Complaint."

In addition, Plaintiffs shall ensure that their public nuisance claims in the "Final Complaint"

comply with the Court's previous rulings.

IT IS FINALLY ORDERED that Plaintiffs' Motion for Leave to File Brief in Support of

Paragraphs 39 Through 39(G) of Plaintiffs' Proposed Fourth Amended Complaint, filed October

6, 2000 *(Doc. 111)* is denied.  Plaintiffs may re-file this motion pursuant to FED. R. CIV. P. 60(b)

once Defendants have submitted their motions to strike portions of the "Final Complaint."

       DATED August 3, 2001.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

       John McCall, Esq.
       National Lawyers Guild, New Mexico Chapter
       Albuquerque, New Mexico

Counsel for Defendants:

       Elizabeth Losee, Esq.
       Potter & Mills, P.A.
       Santa Fe, New Mexico

       John W. Zavitz
       Assistant U.S. Attorney
       District of New Mexico
       Albuquerque, New Mexico